UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2004 OCT -1  P 12: 20

U.S. DISTRICT COURT
DISTRICT OF MASS.

Johnny Nilsen, Kieran Kelly, )
William Ryan, Karl Seemen, )
Sean Sharkey, Fernando Suazo, )
Don Abad, Charles Smith, and )
Paul McGee, )
      Plaintiffs )
  vs )  Civil Action
  )  No.:03-12449MLW
Celestial Dawn, Inc. in )
persona and the F/V PROSPERITY, )
in rem )
      Defendant )

### REQUEST TO CLERK TO ENTER JUDGMENT BY DEFAULT

To The Clerk Of The Above-Named Court:

    Pursuant to Rule 55(b) of the Federal Rules of Civil Procedure, I, Brian S. McCormick, counsel for the plaintiffs herein, request that default judgment be entered against Celestial Dawn, Inc., in the total amount of $40,280.69, as broken down, by plaintiff, as follows:

| | |
|---|---:|
| Don Abad | $ 3,400.00 |
| Kieran Kelly | 10,000.00 |
| Paul McGee | 4,800.00 |
| John Nilsen | 5,880.69 |
| William Ryan | 5,400.00 |
| Karl Seeman | 7,900.00 |
| Charles Smith | 2,900.00 |

Together with interest, from the date of breach, costs and attorney's fees. The plaintiffs are submitting herewith Affidavits from each of these individual setting forth the damages to which they are entitled, and, further, represents that such damages are for a sum certain or for a sum which can by computation be made certain.*

   *Paul McGee's affidavit was received, un-notarized, just prior to the filing of this motion. A fully-notarized affidavit will be filed, upon receipt of same.

## AFFIDAVIT OF DON ABAD

I, Don Abad, of 55 Cliff Avenue, Apartment 3, Winthrop, Massachusetts 02152, do hereby, under oath, depose and say as follows:

1. Approximately midway through the Summer of 2003, I was hired by the defendant, Celesial Dawn Company, to work on board the F/V PROSPERITY.
2. I negotiated with James Sheehy, who was representing the interests of the primary principal of Celestial Dawn Corp., his brother, Patrick Sheehy.
3. The agreement which we reached was that I would be paid $100.00 per day to work as a cook or as a deckhand.
4. My total days of service with the vessel numbered thirty-four (34).
5. I am consequently owed $3,400.00 by the defendant, as I never received any payment for the work I performed in connection with the F/V PROSPERITY.

Sworn to under the pains and penalties of perjury this 25th day of May, 2004.

_____
DON ABAD

There appeared before me the above named Don Abad, who signed this Affidavit of his own free act and deed.

_____
Notary
My Commission Expires:

MACKEDDY FILS
Notary Public
Commonwealth of Massachusetts
My Commission Expires
September 4, 2009

## AFFIDAVIT OF KIERAN KELLY

I, Kieran Kelly, do hereby, under oath, depose and say as follows:

1. I reside at 296 Pecks Road, Pittsfield, Massachusetts 01201;
2. In the Summer of 2003, I was hired by Patrick Sheehy, on behalf of the defendant, Celestial Dawn Corporation, to act as a consultant on board the F/V PROSPERITY.
3. Specifically, I was hired in this capacity, because I had previously injured my back and was unable to do the physical labor. However, because of my acumen for finding fish, Sheehy, sought out my services to help direct the vessel to where the stocks of fish were.
4. The agreement which I had with the defendant was that I would be paid $5,000.00 per trip, flat fee, regardless of how well, or poorly, the vessel did.
5. We made a total of three trips on board the F/V PROSPERITY.
6. Consequently, I was due $15,000.00 for my services, but was paid only $5,000.00.
7. As a result, the defendant owes me $10,000.00 for services rendered to the vessel.

Sworn to under the pains and penalties of perjury this ___ day of 09-23, 2004.

_____
KIERAN KELLY

There appeared before me the above named Kieran Kelly, who signed this Affidavit of his own free act and deed.

_____
Notary Public
My Commission Expires:


ANNETTE LA BARCA
Commission # 1307988
Notary Public - California
Los Angeles County
My Comm. Expires Jun 23, 2006

## AFFIDAVIT OF PAUL MCGEE

I, Paul McGee, do hereby, under oath, depose and say as follows:

1. I reside at Box 1346, Pascagoula, Mississippi 39568;
2. In June of 2003, I was working as a DBA, in connection with a company known as Alaska Marine Refrigeration. This company provided refrigeration services and materials to various ocean going vessels.
3. In June of 2003, I, through Alaska Marine Refrigeration, provided refrigeration materials to the defendant, Celestial Dawn, Inc. The total amount owed to me, as a result of the provision of such materials, was $4,800.00. A copy of the subject invoice is hereto attached as Exhibit "A".
4. The defendant, by and through its agent, James Sheehy, subsequently issued two checks to my company, one for $3,300.00, the other for $1,500.00.
5. Both of these checks bounced. Copies of both returned checks are hereto attached as Exhibit "B."
6. As such, I have not received payment for services rendered to the vessel and am owed $4,800.00.

Sworn to under the pains and penalties of perjury this ___ day of _____, 2004.

_____
PAUL MCGEE


There appeared before me the above named Paul McGee, who signed this Affidavit of his own free act and deed.

_____
Notary Public
My Commission Expires:

## AFFIDAVIT OF JOHNNY NILSEN

I, Johnny Nilsen, do hereby, under oath, depose and say as follows:

1. I reside at 20 Wyndham Hills, Cresco, Pennsylvania 18326;
2. In the Summer of 2003, I was hired, by the Patrick Sheehy, on behalf of Celesial Dawn Corporation, to work as a chief engineer on board a vessel by the name of F/V PROSPERITY. The terms of my employment were that I was to receive $300.00 per day guaranteed, during my time working on board, on in connection with the vessel.
3. On June 27, 2003, I arrived in Gloucester, Massachusetts, prepared to undertake my work as the chief engineer.
4. Notwithstanding representations made by Patrick Sheehy to the contrary, the vessel was not ready to sail, and I had to spend several nights in a hotel, waiting to work the vessel.
5. When we did finally work on the vessel, there were an enormous amount of problems with the vessel's operation and seaworthiness.
6. I worked on, or in connection with, the vessel for a total of fifteen days, and was therefore owed $4,500.00. As I have never been paid any wages by the defendant, this $4,500.00 continues to be owed.
7. On July 12, 2003, the defendant, by and through its agent Patrick Sheehy, reaffirmed the debt, which at that time, stood at $3,000.00. Thereafter, I worked five additional days on a trip, again bringing the total owed to $4,500.00. See Employment Agreement hereto attached as Exhibit "A." In addition to the foregoing, I incurred about a $1,389.69 in miscellaneous additional expenses, including, primarily the hotel expenses.

8.  Thus, the total amount owed to me by Celestial Dawn Corporation is $5,880.69.

Sworn to under the pains and penalties of perjury this 11th day of June, 2004.

_____
JOHNNY NILSEN

There appeared before me the above named Johnny Nilsen, who signed this Affidavit of his own free act and deed.

STATE OF PENNSYLVANIA,
COUNTY OF MONROE   ) SS.

_____
Notary Public
My Commission Expires: Sept 9, 2006

Notarial Seal
Donna L. Dowches, Notary Public
Mt. Pocono Boro, Monroe County
My Commission Expires Sept. 9, 2006

Member, Pennsylvania Association Of Notaries

# Employment Agreement

I, Johnny Nilsen agree to work for Patrick Sheehy on board the F/V Prosperity as Chief Engineer for one trip, starting on or about July 12, 2003.

I understand that as a Chief Engineer on the vessel Prosperity, I will be entitled to a guaranteed, gross minimum wage of $300.00 per day or a "crew share" basis of ___20 Shares___, which ever is greater. This guaranteed wage would be paid at the completion of this trip by cash, certified check or money order. If the crew share of these wages exceed my guaranteed wage, payment will be made to Johnny Nilsen by certified check or money order within 14 days of off load.

It has been agreed upon by Patrick Sheehy and Johnny Nilsen, that wages owed of $3,000.00 to Johnny will be paid in full by July 18, 2003, by certified check or money order and overnighted to 20 Wyndham Hills, Cresco PA 18326. If this transaction is not completed on said date, Johnny will have the right to request the vessel be returned to port.

_____
(Johnny Nilsen)

7-12-03
(Today's Date)

_____
(Patrick Sheehy)

7-12-03
(Today's Date)

Johnny Nilsen
20 Wyndham Hills
Cresco PA 18326
570 595 0606

*Exhibit "A"*

## AFFIDAVIT OF WILLIAM RYAN

I, William Ryan, do hereby, under oath, depose and say as follows:

1. I reside at 15 Sycamore Road, Melrose, Massachusetts 02176-5008;
2. In the Summer of 2003, I was hired by the defendant, by and through its agent, Patrick Sheehy, to work on board the F/V PROSPERITY.
3. The terms of the employment agreement were that I was to receive a guarantee of $2,000.00 per trip, or one full share of the catch, whichever was greatest.
4. I made three trips on board the vessel, therefore was owed $6,000.00. Additionally, I had $100.00 in out-of-pocket expenses that were to be paid to me.
5. During the time that I worked on board the vessel, I received $700.00 in wages.
6. As such, the defendant corporation owes me 5,400.00 presently.

Sworn to under the pains and penalties of perjury this ___ day of 9/22_____, 2004.

_____
WILLIAM RYAN

There appeared before me the above named William Ryan, who signed this Affidavit of his own free act and deed.

_____
Notary Public
My Commission Expires:

[Notary Seal: JANIS L. MASTRORILLO, COMMONWEALTH OF MASSACHUSETTS, NOTARY PUBLIC, My Commission Expires July 24, 2011]

## AFFIDAVIT OF KARL SEEMAN

I, Karl Seeman, do hereby, under oath, depose and say as follows:

1. I reside at 1008 North Bengal Road, Metairie, Louisiana 70003;

2. On or about July 10, 2003, Patrick Sheehy, acting on behalf of the defendant corporation, entered into an employment agreement with me, such that I would on board the F/V PROSPERITY as captain.

3. The employment agreement was that the defendant would provide transportation to and from Boston, and a rate of pay of $300.00 per day, or a full share of the catch, whichever was greater.

4. I joined the vessel on July 11, 2003. I continued to work until August 6, 2003, for a total of twenty-six (26) days. I am therefore owed $7,800.00 in wages. During the time that I worked for the defendant corporation, I received $100.00, and am therefore owed $7,700.00 in wages.

5. I am also owed money for returning myself to Louisiana for which the defendant had agreed to pay, causing me to incur an additional $200.00 in loss and expense.

6. Consequently, the defendant presently owes me $7,900.00 in connection with my employment agreement to work as a captain on board the F/V PROSPERITY.

Sworn to under the pains and penalties of perjury this 2 day of August, 2004.

_____
KARL SEEMAN

There appeared before me the above named Karl Seeman, who signed this Affidavit of his own free act and deed.

_____
Notary Public
My Commission Expires: at death

## AFFIDAVIT OF CHARLES SMITH

I, Charles Smith, do hereby, under oath, depose and say as follows:

1. I reside at P. O. Box 1687 ed., Morgan City, Louisiana 70380;
2. In the Summer of 2003, I was hired by the defendant, through its agent, Patrick Sheehy, to work as a deck hand on board the F/V PROSPERITY.
3. The employment agreement which I had called for the defendant to pay me $300.00 per day, or a full share of the catch, whichever was greater.
4. I worked for a total of eight (8) days on board, or in connection with the F/V PROSPERITY, and was therefore owed $2,400.00 in wages.
5. I never received any wages from the defendant corporation.
6. I was also promised transportation to and from New Orleans, neither of which were paid for by the defendant. As a result I had to incur these costs, estimated at $500.00.
7. As such, I am currently owed $2,900.00, pursuant to the terms of the employment agreement with the defendant corporation.

Sworn to under the pains and penalties of perjury this 29 day of May, 2004.

_____
CHARLES SMITH

There appeared before me the above named Charles Smith, who signed this Affidavit of his own free act and deed.

_____
Notary Public
My Commission Expires: AT DEATH